IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nancy Schwartz, | ) | Civil Action No. 2:22-2081-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Wells Fargo Bank, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant's partial motion to dismiss amended complaint. (Dkt. No. 14). For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## Background

Plaintiff alleges she holds a checking account with Defendant. (Dkt. No. 11 ¶¶ 19-21). Plaintiff alleges that, on April 18, 2022, unknown persons withdrew from her account $4,642.49 for "business cleaning services" in Austria. (*Id.* ¶ 22). Plaintiff also alleges that on April 20, 2022, unknown persons likely in London, England withdrew an additional $3,960 from her account. (*Id.* ¶ 23). Plaintiff alleges she did not authorize either of these transfers. (*Id.* ¶¶ 24-25). Plaintiff alleges she provided notice to Defendant regarding the above transactions on April 21, 2022, but that Defendant ultimately failed to recredit her account. (*Id.* ¶¶ 31-32).

Plaintiff brings claims for: (1) violation of the Electronic Fund Transfers Act and Regulation E: Failure to Apply Limit of Liability; (2) violation of the Electronic Fund Transfers Act and Regulation E: Failure to Comply with Error Resolution Procedures; (3) conversion; and (4) S.C. Unfair Trade Practices Act, § 39-5-10. Plaintiff seeks punitive damages.

Defendant moves to dismiss Plaintiff's state law claims and to bar Plaintiff from seeking punitive damages. (Dkt. Nos. 14, 17). Plaintiff opposes. (Dkt. No. 16).

-1-

Defendant's motion is fully briefed and ripe for disposition.

## **Legal Standard**

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) ... does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## **Analysis**

First, Defendant argues Plaintiff's conversion claim fails because the parties have a contractual relationship and, "ultimately, Wells Fargo did not retain the funds for the transaction at issue." (Dkt. No. 14-1 at 7).

"Conversion has been defined in our case law as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the exclusion of the owner's rights. Conversion may arise by some illegal use or misuse, or by illegal detention of another's chattel." *Owens v. Andrews Bank & Tr. Co.*, 265 S.C. 490, 496, 220 S.E.2d 116, 119 (1975) (internal citations omitted); *see also id.* at 497 (stating that "there can be no conversion where there is a mere obligation to pay a debt. Thus, where there is merely the relationship of debtor and creditor, an action based on conversion of the funds representing the debt is improper"). *But see Moore v. Weinberg*, 373 S.C. 209 (Ct. App. 2007) (defining conversion as only "the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of the condition or the exclusion of the owner's rights")

The Court declines to dismiss Plaintiff's conversion claim. In *In re TD Bank, N.A.*, 150 F. Supp. 3d 593, 629-30 (D.S.C. 2015) this Court rejected the argument that the parties' debtor/creditor relationship precluded a claim for conversion. *Id.* at 630 (noting, in the context of overdraft fees, that "Plaintiffs unquestionably had the right to possess the funds in their bank accounts upon demand to the bank, and they have alleged that Defendants wrongfully took funds from their accounts so that Plaintiffs were unable to possess and use those funds. This interference with Plaintiffs' property interest in the funds in their accounts constitutes a cause of action for conversion"); *In re Checking Acct. Overdraft Litig.*, 694 F. Supp. 2d 1302, 1323 (S.D. Fla. 2010) (surveying numerous state jurisdictions on the question of customers' right to possess funds that they have deposited with banks and concluding "a conversion action is available for a bank's

wrongful debiting of funds from a customer's account"). Here, Plaintiff denies she authorized the transactions at issue, (Dkt. No. 11 ¶ 46), but that Defendant nevertheless "wrongfully exercise[d] the right of ownership" over the Plaintiff's funds to her exclusion, and thus states a claim for conversion. *See Ameristone Tile, LLC v. Ceramic Consulting Corp., Inc.*, 966 F. Supp. 2d 604, 621 (D.S.C. 2013); *see also In re TD Bank, N.A.*, 150 F. Supp at 630-31 (rejecting bank's argument conversion claim was barred by economic loss rule as "the plaintiffs allege that TD Bank wrongfully deducted funds from their accounts in ways and in situations not contemplated by the contract"); *Ameristone Tile, LLC*, 966 F. Supp. 2d at 621 (complaint stated claim for conversion where defendants delivered certain tile samples to third party without Plaintiff's consent as samples were "its business assets and property that it had title over"). Accordingly, Defendant's motion is denied on this point.

Second, Defendant challenges Plaintiff's South Carolina Unfair Trade Practices Act ("SCUTPA") claim.

To state a South Carolina Unfair Trades Practices Act ("SCUTPA") claim, a plaintiff must sufficiently allege "(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Ameristone Tile, LLC*, 966 F. Supp. 2d at 621. Under South Carolina law, "unfair or deceptive acts have an adverse impact upon the [public] if those acts have the potential for repetition." *Id.* "Potential for repetition can be demonstrated by either 'showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence' or 'showing the company's procedures created a potential for repetition of the unfair and deceptive acts.'" *Id.* (citing *Bessinger v. Food Lion, Inc.*, 305 F.Supp.2d 574, 581 (D.S.C.

2003)). Conduct, however, "'that affects only the parties to the transaction and not the public interest provides no basis for a SCUTPA claim.'" *Id.*

The Court dismisses Plaintiff's SCUTPA claim. Even viewing the facts in a light most favorable to her, Plaintiff pleads no facts showing Defendant acted similarly in the past nor does Plaintiff plead nonconclusory facts showing Defendant's acts were the results of "specific procedures or business practices that create the potential for repetition." *Machinery Solutions, Inc. v. Doosan Corp.*, No. 3:15-cv-03447, 2016 WL 2756429, at *3 (D.S.C. May 12, 2016) (noting that "[a]bsent specific facts, a plaintiff is merely offering a speculative claim about adverse public impact); *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-cv-01300-JMC, 2015 WL 7568613, at *9 (D.S.C. Nov. 24, 2015) ("The fact that an alleged misconduct occurred is not sufficient to establish that the misconduct amounts to a procedure or business practice.").

Last, Defendant argues that the allegations in Plaintiff's complaint do not adequately allege conduct meriting an award of punitive damages. Defendant argues that because Plaintiff alleged Defendant investigated the challenged transactions, (Dkt. No. 11 ¶¶ 42, 45), Plaintiff has not adequately alleged that Defendant's conduct was willful, wanton, or reckless. *See* S.C. Code Ann. § 15-33-135 (requiring plaintiff establish punitive damages by "clear and convincing evidence"); *Berberich v. Jack*, 392 S.C. 278, 288, 709 S.E.2d 607, 612 (2011) ("Punitive damages are appropriate where there is evidence the tortfeasor's conduct was reckless, willful, or wanton.").

The Court denies Defendant's motion on this last point. Plaintiff's complaint contains allegations regarding deficiencies in Defendant's handling of the disputed transactions. (Dkt. No. 11 ¶ 47). Reading all facts in a light most favorable to Plaintiff, and given the lack of a full factual record, a determination that Defendant's conduct is, as a matter of law, not subject to punitive damages would be improper at this juncture.

**Conclusion**

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's partial motion to dismiss the amended complaint (Dkt. No. 14). Defendant's motion is granted only as to Plaintiff's SCUTPA claim. Defendant's motion is otherwise denied.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>Richard Mark Gergel<br>United States District Judge

October 28, 2022
Charleston, South Carolina